IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARRY PLOSS, as Trustee for the HARRY PLOSS TRUST DTD 8/16/1993, on behalf of Plaintiff and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC,<br><br>    Defendants. | No. 15 C 2937<br><br>Honorable Edmond E. Chang |

## AGREED MOTION FOR A FINDING OF RELATEDNESS AND REASSIGNMENT

Pursuant to Local Rule 40.4, Defendants Kraft Foods Group, Inc. and Mondelēz Global LLC (collectively "Kraft"), Plaintiff Harry Ploss and the Plaintiffs in the actions listed below for which reassignment is sought (collectively "Plaintiffs"), by and through their respective attorneys, request this Court to reassign the following five related class action cases currently pending in the Northern District of Illinois so that these related cases may be consolidated, interim class counsel appointed, and a Consolidated Complaint filed: (1) *Dennis v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03155 (Zagel, J.); (2) *Christensen v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03367 (Darrah, J.); (3) *White Oak Fund, LP v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03517 (Der-Yeghiayan, J.); (4) *Budicak Inc. v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03639 (Leinenweber, J.); and (5) *Wallace v. Kraft Foods Group, Inc. et al.*, No. 1:15-cv-04226 (Der-Yeghiayan, J.). Collectively, all of the above cases are referred to as "the Class Actions."[1]

---

[1] A chart identifying the Class Actions, the dates those cases were filed, the proposed class periods, and the claims and relief sought in each of the cases is attached to this motion as Exhibit

Kraft has conferred with Plaintiffs' counsel, who have informed Kraft that Plaintiffs agree that the five additional class actions are related to this case under Local Rule 40.4(a), meet the criteria for reassignment under Local Rule 40.4(b), and should be reassigned and then consolidated before this Court, and, once done, that interim class counsel should be appointed and a Consolidated Complaint should be filed.

## **BACKGROUND**

On April 1, 2015, the U.S. Commodity Futures Trading Commission ("CFTC") filed an action against Kraft alleging violations of the Commodity Exchange Act ("CEA"). On April 2, 2015, Harry Ploss filed this putative class action against Kraft. (Dkt. No. 1.) Ploss alleges, among other things, that between approximately November 1 and December 31, 2011, Kraft manipulated the prices of wheat futures contracts traded on the Chicago Board of Trade ("CBOT") expiring in December 2011 and March 2012 (and the prices of the options on such contracts), so as to cause artificial prices and artificial price trends in violation of the CEA. *Id*. Based on these allegations, Ploss has asserted two claims of price manipulation in violation of the CEA (Counts 1-2) (Dkt. No. 1 ¶¶ 74-87); one claim of principal/agent liability under the CEA (Count 3) (*id*. ¶¶ 88-92); and one claim of unjust enrichment (Count 4) (*id*. ¶¶ 93-97). As of the date of this motion, Kraft has not responded to the Complaint and there are no motions currently pending before this Court.

Five additional class actions were filed in the Northern District of Illinois between April 9 and May 13, 2015. The Complaints in these cases include substantially similar factual allegations, legal claims, and requested relief. A chart identifying these cases and comparing the

---

A. Attached as Exhibits B-F to this motion are the Complaints filed in the *Dennis*, *Christensen*, *White Oak*, *Budicak*, and *Wallace* matters, identified above.

2

claims and relief sought in each of the cases is appended to this motion as Exhibit A. For the reasons explained below, the Class Actions meet the requirements of relatedness and reassignment set forth in Local Rule 40.4, and thus should be reassigned to this Court so they proceed with *Ploss*, the earliest-filed class action.

## ARGUMENT

This motion is governed by Local Rule 40.4. Pursuant to the Local Rule, reassignment is appropriate if the five class actions are "related" to *Ploss* under Local Rule 40.4(a) and the four prerequisites in Local Rule 40.4(b) are satisfied: (1) all cases are pending in this Court; (2) the handling of these cases by the same Judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating the later filed cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b). The Class Actions meet these requirements. Indeed, prior class actions in this District alleging commodity futures manipulation have been reassigned to a single Judge and consolidated. *See, e.g.*, *Kohen, et al. v. Pacific Investment Management Co. LLC, et al.*, 05-cv-4681, Dkt. Nos. 9, 17 (RG) (N.D. Ill.); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09-cv-3690 Dkt. Nos. 8, 75 (RMD) (N.D. Ill.).

**I.     The Class Actions Are "Related" To the *Ploss* Action As Required By Local Rule 40.4(a).**

Cases are "related" under Local Rule 40.4(a) if they "involve some of the same issues of fact or law" or "grow out of the same transaction[s] or occurrence[s]." L.R. 40.4(a). "The Rule does not require complete identity of issues in order for cases to be considered related."

3

*Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002).

The Class Actions meet this standard. All six class action cases are based on Kraft's trading of wheat futures contracts on the CBOT, purportedly in violation of the CEA (7 U.S.C. § 1, *et seq.*). Thus, all six cases grow out of the same transactions or occurrences. Also, as set forth in Exhibit A, all six cases involve some of the same issues of fact or law because they all contain similar claims and seek similar relief.[2]

**II.     The Class Actions Meet The Conditions For Reassignment Under Local Rule 40.4(b).**

Each of the four conditions for reassignment under Local Rule 40.4(b) are also satisfied.

*First*, as set forth above and in Exhibit A, the Class Actions are pending in the Northern District of Illinois.

*Second*, the handling of the Class Actions by one Judge is likely to result in a substantial saving of judicial time and effort. In *Fairbanks*, the court held that adjudicating common issues before one judge, instead of multiple judges, would promote judicial economy and "enhance[]" the "overall administration of justice." 2002 WL 31655277, at *2. Here, too, reassigning the later-filed class actions to this Court will promote judicial economy and enhance the administration of justice by, among other things, allowing the cases to be consolidated, interim class counsel to be appointed, and the filing of a Consolidated Complaint, all of which will allow the parties to litigate their claims and defenses in a single proceeding.

---

[2] Kraft reserves the right to contest the pleadings, as well as all class and merits issues in each of the cases and/or in the consolidated case if the litigation proceeds.

This is appropriate given the class Plaintiffs' similar claims and overlapping proposed class periods. The Class Actions all assert claims for price manipulation in violation of the CEA and principal/agent liability based on the allegedly manipulative conduct. (Ex. A.) Although three of the cases also assert antitrust claims, those claims arise from Kraft's alleged manipulation of the wheat futures market and thus are not truly distinct from the CEA manipulation claims. (Ex. D, *White Oak* Compl. ¶¶ 109-16; Ex. E, *Budicak* Compl. ¶¶ 114-21; Ex. F, *Wallace* Compl. ¶¶ 116-23). The aiding and abetting CEA manipulation and unjust enrichment claims asserted by certain class Plaintiffs likewise arise from Kraft's alleged manipulation of the wheat futures market, and thus are not distinct. (Dkt. No. 1, *Ploss* Compl. ¶¶ 93-97; Ex. B, *Dennis* Compl. ¶¶ 108-15; Ex. C, *Christensen* Compl. ¶¶ 123-31; Ex. E, *Budicak* Compl. ¶¶ 111-13, 122-25.) Accordingly, all of these claims should be adjudicated together.

Judicial time and effort will also be saved by having this Court handle class certification proceedings, discovery (including expert discovery), pre-trial motion practice, and any eventual trial. Although the Class Actions propose, at this preliminary stage, several differing class periods (Ex. A), the proposed periods are overlapping and are defined to include some or all of the same class members. (Dkt. No. 1, *Ploss* Compl. ¶ 66; Ex. B, *Dennis* Compl. ¶ 80; Ex. C, *Christensen* Compl. ¶ 33; Ex. D, *White Oak* Compl. ¶ 86; Ex. E, *Budicak* Compl. ¶ 83; Ex. F, *Wallace* Compl. ¶ 92.) As a result, a single determination as to the appropriate class definition is more appropriately handled in a single proceeding before the same Judge. Moreover, if the five class actions are reassigned to this Court, it is contemplated that a single Consolidated Complaint (with one class definition) will be filed by appointed interim class counsel.

Reassignment will also allow discovery to proceed in a single forum so that witnesses are not deposed multiple times and the parties can avoid serving, and being served with, duplicative

discovery requests. Any discovery disputes that cannot be resolved by the parties are more efficiently addressed by one Judge, which will protect the parties from inconsistent rulings.

Additionally, given the complex and "esoteric" nature of the commodity futures markets, *see Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 356 (1982), having one Judge (as opposed to six) educate himself about the issues presented in the Class Actions will result in a substantial saving of judicial time and effort.

***Third***, reassignment will not delay the proceedings in *Ploss*. As noted above, *Ploss* was filed on April 2, 2015, Kraft has not yet responded to the Complaint, and there are no motions currently pending before the Court. The parties submitted a Joint Status Report on May 20, 2015 (Dkt. No. 22), but informed the Court in that Report that they might move for reassignment to this Court of the five other class action cases.[3]

The other class actions are similarly in their infancy—Kraft has not yet responded to the Complaints and there are no motions currently pending before those courts—so reassignment will not delay those actions.

***Fourth***, the Class Actions are susceptible of disposition in a single proceeding. Cases are susceptible of disposition in a single proceeding if the cases "involve fundamentally similar claims and defenses that will likely be amendable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment, or trial." *Velocity Patent LLC v. Mercedes-*

---

[3] In their Joint Status Report, the parties informed the Court that Ploss and the Plaintiffs in the five other class actions had moved for reassignment of the Class Actions to Judge Blakey, who is proceeding over a case against Kraft brought by the CFTC, and that Kraft opposed reassignment of the class actions with the CFTC case. (Dkt. No. 22 at 2-3 & n.1.) The parties also stated in the Report that Kraft anticipated moving for a finding of relatedness and reassignment of the other class actions to this Court if Judge Blakey denied Plaintiffs' motions. (*Id.* at 3.) Judge Blakey denied Plaintiffs' motions for reassignment on May 21, 2015. (Dkt. No. 23.) Accordingly, Kraft, in conjunction with Plaintiffs, is filing this Agreed Motion.

*Benz USA, LLC*, No. 13-cv-8413, 2014 WL 1661849, at *2 (N.D. Ill. Apr. 24, 2014). This does not require the court to determine that one or more "cases *will* be disposed of at the same time, but only that they are *susceptible*" of disposition in the same proceeding. *Id.*; *accord Fairbanks*, 2002 WL 31655277, at *3. In *Fairbanks*, the court held that related cases were susceptible of disposition in a single proceeding where resolution of the common issues would be "outcome-determinative" of most (but not all) of the related cases. 2002 WL 31655277, at *3.

Here, the Class Actions are susceptible of disposition in a single proceeding because they involve fundamentally similar claims related to Kraft's alleged manipulation of the wheat futures market (Ex. A), which Kraft denies and is likely to raise similar defenses in each of the cases. Plaintiffs in each of the Class Actions have demanded a jury trial, and the cases will likely involve overlapping witnesses and evidence. Adjudication of common factual and legal issues is likely to be outcome determinative for at least some of the cases, and those common issues are susceptible to resolution in a single trial or possibly on summary judgment.

## **CONCLUSION**

For the foregoing reasons, Kraft and Plaintiffs respectfully request that the five related class actions currently pending before other Judges in the Northern District of Illinois be reassigned to this Court so that they are consolidated and proceed together with this case, after which, interim class counsel be appointed, and a Consolidated Complaint filed. As noted above, the five related class actions for which the parties are seeking reassignment are: (1) *Dennis v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03155 (Zagel, J.); (2) *Christensen v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03367 (Darrah, J.); (3) *White Oak Fund, LP v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03517 (Der-Yeghiayan, J.); (4) *Budicak Inc. v. Kraft Foods Group, Inc. et al.*, No. 15-cv-03639 (Leinenweber, J.); and (5) *Wallace v. Kraft Foods Group, Inc. et al.*, No.

1:15-cv-04226 (Der-Yeghiayan, J.). Kraft and Plaintiffs agree that the requirements of Local Rule 40.4(a) and (b) are met, and agree with the relief sought in this motion.

Dated: May 29, 2015

KRAFT FOODS GROUP, INC.
MONDELĒZ GLOBAL LLC

By: /s/ Dean Panos
    One of its Attorneys
Dean N. Panos
J. Kevin McCall
Nicole A. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
dpanos@jenner.com
jmccall@jenner.com
nallen@jenner.com

*Attorneys for Defendant Kraft Foods Group, Inc. & Mondelēz Global LLC*


By: /s/ Marvin A. Miller
Marvin A. Miller
**MILLER LAW LLC**
115 South LaSalle St., Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400

Christopher Lovell
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900

*Counsel for Plaintiff Harry Ploss*

8

By: /s/ *Vincent Briganti* (*with consent*)
Vincent Briganti
Geoffrey M. Horn
Peter D. St. Phillip
Raymond Girnys
Christian Levis
**LOWEY DANNENBERG COHEN
　　& HART, P.C**
One North Broadway
White Plains, New York 10601
Tel.: 914-997-0500
Fax: 914-997-0035
E-Mail: vbriganti@lowey.com

Eugene J. Schiltz
**THE COLEMAN LAW FIRM**
77 West Wacker Drive
Chicago, IL 60601
Tel.: 312-444-1000
Fax: 312-444-1028

*Counsel for Plaintiff Richard Dennis*


By: /s/ *Anthony F. Fata (with consent)*
Jennifer W. Sprengel
Anthony F. Fata
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
150 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
Email: afata@caffertyclobes.com

Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
1101 Market Street
Suite 2650
Philadelphia, Pennsylvania 19107
Telephone: (215) 864-2800
Facsimile: (215) 864-2810
Email: bclobes@caffertyclobes.com

9

Zachery J. Ziliak
Steven M. Bylina III
Thomas F. Cashman
Michael S. Davis
**ZILIAK LAW, LLC**
141 W. Jackson Blvd., Suite 4048
Chicago, Illinois 60604
Telephone: (312) 462-3350
Facsimile: (312) 466-5601
Email: mdavis@ziliak.com

*Counsel for Plaintiff Budicak Inc.*

By: <u>*/s/ Steven A. Kanner (with consent)*</u>
Steven A. Kanner
Robert J. Wozniak
Donald L. Sawyer
**FREED KANNER LONDON &MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
T: (224) 632-4500
F: (224) 632-4521
skanner@fklmlaw.com

David E. Kovel
Lauren Wagner Pederson, Of Counsel
Thomas W. Elrod
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600

Brian Philip Murray
Lee Albert
Gregory B. Linkh
**GLANCY BINKOW & GOLDBERG LLP**
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340

*Counsel for Plaintiff White Oak Fund, LP*

By: */s/ Steven A. Kanner (with consent)*
Steven A. Kanner
Robert J. Wozniak
Donald L. Sawyer
FREED KANNER LONDON &MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
T: (224) 632-4500
F: (224) 632-4521
skanner@fklmlaw.com

W. Joseph Bruckner
Heidi M. Silton
Kate M. Baxter-Kauf
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street
Jamestown, NY 14701
Tel: (716) 664-2967

*Counsel for Plaintiffs Robert Wallace, Nathan Wallace, Kevin Brown and Joseph Caprino*

By: */s/ David Lesht (with consent)*
**The Law Offices of Eugene M. Cummings, P.C**.
55 West Monroe Street, Suite 3500
Chicago, IL 60603
T: (312) 948-4403
F: (312) 984-0146
dlesht@emcpc.com

Linda P. Nussbaum
Bradley J. Demuth
Susan Schwaiger
**Nussbaum Law Group, P.C.**
570 Lexington Avenue, 19th Floor
New York, NY 10022
T: (212) 702-7054

*Counsel for Plaintiff Henrik Christensen*

11