**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.1.1.2**
**Eastern Division**

Harry Ploss, et al.
                                      Plaintiff,

v.                                                                 Case No.: 1:15−cv−02937
                                                                 Honorable Edmond E. Chang

Kraft Foods Group, Inc., et al.
                                      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, November 17, 2017:

      MINUTE entry before the Honorable Edmond E. Chang: Status and motion hearing held. The Court decided the motion to compel [177] production from ADM, which was granted in part and denied in part. This entry summarizes the decisions; all time periods are 06/01/2011−12/31/2011, unless otherwise noted. On Request 1, ADM shall confer with Plaintiffs on a questionnaire, and then solicit via the questionnaire the storage capacity (general if not specific to wheat) and daily loading rate. But only a reasonable search is required, not an extensive search through manual records; if not available through the reasonable search, then the answer shall identify the pertinent government agency (or CME) that has the licensed capacity information; and on the daily loading rate, even if the elevator possessed the records at some time, if the retention−policy period has expired, then the response need only attach a copy of the policy or an under−oath custodians declaration as to what the policy was. Of course, the parties are free to narrow the 97 elevators (now 92 after the sample) even further. ADM should track its work−hours expenditure if it wants to seek costs−shifting at some point. On Requests 2−5, ADM shall provide the monthly volume reports. On the weekly stock reports, the parties shall first confer with CME, and subpoena CME if necessary, to determine whether CME can electronically retrieve the weekly stock reports broken down by supplier (i.e., ADM). If the answer is no, then the Court will almost surely follow the lead of the CFTC case, but that remains to be definitively determined. The parties, and ADM if appropriate, shall file a joint status report on 12/11/2017 as to this issue. On Request 6, e−mail records of bids/offers at the two Toledo area facilities are relevant (the paper records will present a very incomplete picture), and the question is their availability and, if available, the costs of retrieval. ADM shall start by asking its information technology department whether the 2011 emails are even available. If they are available, then the parties shall confer further on search terms and costs of search/retrieval. If necessary, a sample of, say, one week at one facility might better inform the costs analysis. Preliminarily, the Court would not expect that review of the emails would be lawyer−intensive, because it is highly doubtful that there would be privilege or other protected information (especially because by definition the bids/offers are exchanged outside ADM). Again, in the same 12/11/2017 status report, the parties and ADM shall file an update on this issue. On Request 7, ADM shall provide the submissions to the USDA from the two Toledo area facilities. After that, Plaintiffs and ADM shall confer on

whether federally licensed facilities in the 8 States should also produce the records. Plaintiffs' agreed extension motion on fact discovery and other deadlines [188] is granted. Fact discovery as to the merits of the named Plaintiffs' claims and the propriety of class certification is extended to 05/07/2018. Rule 16(b) deadline to amend the pleadings or join parties is extended to 05/07/2018. Plaintiffs shall file their motion for class certification, including any expert reports in support of class certification, by 07/02/2018. Defense response to the class certification motion, including any expert reports in opposition to class certification, shall be file by 10/15/2018. Any reply brief on the motion for class certification, including any reports in further support of class certification, shall be filed by 12/19/2018. Also, the Bienkowski deposition shall occur on 11/30/2017. The Haar deposition shall take place before mid–2018; there is no need to wait on the CFTC–case deposition, so the parties should set the deposition when reasonably possible, either in 12/2018 or 01/2018. Same goes for the Shook deposition in the sense that it need not be piggy–backed with the CFTC deposition, and Plaintiffs are allowed to take Haar before Shook (but Bienkowski still is 11/30/2017). Status hearing set for 12/19/2017 at 11:30 a.m., with the possibility of continuing the status if the parties agree. Emailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.