UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRY PLOSS, as Trustee for the HARRY PLOSS TRUST DTD 8/16/1993, on behalf of Plaintiff and all others similarly situated, Plaintiffs, -*against*- KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC, Defendants. | No. 15-cv-2937 Honorable Edmond E. Chang |

**STATUS REPORT CONCERNING THE COURT'S NOVEMBER 17, 2017 ORDER REGARDING PLAINTIFFS' SUBPOENA TO NON-PARTY ARCHER DANIELS MIDLAND COMPANY**

Pursuant to the Court's November 17, 2017 Order (ECF No. 190), Plaintiffs and non-party Archer Daniels Midland Company ("ADM") respectfully submit the following status report concerning issues relating to Plaintiffs' Rule 45 document subpoena directed to ADM.

1. On May 16, 2017, Plaintiffs issued a Rule 45 document subpoena to ADM. ECF No. 177-1. The subpoena included seven requests for the production of documents. *Id.* On September 18, 2017, Plaintiffs filed a motion seeking to compel ADM to comply with Plaintiffs' subpoena. ECF No. 177. On November 17, 2017, the Court held a hearing on Plaintiffs' motion. ECF No. 190.

2. At the November 17 hearing, the Court granted in part and denied in part Plaintiffs' motion to compel ADM. *Id.* Among other rulings, the Court's November 17 Order directed the parties and ADM to file a status report with the Court concerning certain issues related to Requests 2-5 and Request 6 of Plaintiffs' subpoena to ADM. *Id.*

1

3. **Request Nos. 2-5**. Pursuant to the Court's instructions, Plaintiffs have now conferred with the Chicago Mercantile Exchange ("CME") concerning whether the CME can electronically retrieve weekly wheat stock reports broken down by supplier (*e.g.*, ADM) for the time period June 1 through December 31, 2011. *Id.* The CME has provided a written response on this issue, which is attached as Exhibit A hereto. In short, the CME is willing and able to provide, pursuant to subpoena, non-public aggregate weekly wheat stock data that identifies suppliers such as ADM. Exhibit A, p. 2. Plaintiffs are preparing a subpoena to the CME that seeks the weekly wheat stock reports broken down by supplier.

4. **Request No. 6**. The Court's November 17 Order directed ADM to ask its information technology department whether 2011 e-mail records at its two elevator facilities located in the Toledo Switching District (*i.e.*, Toledo, Ohio and Ottawa Lake, Michigan) are available. ECF No. 190. If available, the Court instructed the parties and ADM to confer on search terms and costs of search/retrieval. *Id.*

5. *ADM's Position*. ADM has performed an investigation and determined that it does not have e-mail records from its Ottawa Lake or Toledo facilities from the relevant time period of bids and offers relating to its sales of wheat. The person responsible for bids or offers relating to ADM's sales of wheat from both the Toledo and Ottawa Lake facilities during the relevant time period was Adam Flavin, a Trading Manager at ADM. Mr. Flavin left ADM in 2012. Consistent with its normal email retention practices, ADM did not retain and does not have access to Mr. Flavin's emails after he left employment by ADM. ADM also investigated whether Mark Gergen, the Regional Supervisor in Toledo during the relevant time period, or Bradley LaRue, who is a Merchandiser in Toledo, had any emails of bids and offers relating to ADM's sales of wheat during the relevant time period. Neither had any such emails during the relevant time period.

6. *Plaintiffs' Position*. Subject to and reserving their rights to depose an ADM records custodian or other representative, Plaintiffs accept ADM's representations concerning the availability of e-mail records of bids and offers at its two Toledo-area facilities.

7. **Plaintiffs' FOIA Request to the USDA**. The United States Department of Agriculture ("USDA") originally informed Plaintiffs that it would not be producing any information in response to the Freedom of Information Act ("FOIA") request Plaintiffs issued to the USDA. However, the USDA now believes it can produce at least some of the requested information and will undertake a comprehensive search for same provided Plaintiffs agree to pay the USDA's estimated search and retrieval fee of $25,091. Plaintiffs have agreed to pay this fee. The USDA has not committed to a date to complete its search. ADM has represented that it has conducted a reasonable search for USDA submissions by its Toledo and Ottawa Lake facilities during the relevant period and has not located any such submissions. Depending on the information ultimately produced by the USDA, Plaintiffs may be able to forgo any additional searches by ADM in response to Request No. 7.

## CONCLUSION

Plaintiffs and ADM will continue to meet and confer in good faith concerning the issues that are the subject of the Court's November 17, 2017 Order.

Respectfully submitted,

Dated: December 11, 2017

| | |
|---|---|
| */s/ Christopher McGrath* | */s/ Vincent Briganti* |
| Christopher Lovell | Vincent Briganti |
| Christopher McGrath | Raymond Girnys |
| **LOVELL STEWART HALEBIAN** | Lee J. Lefkowitz |
|     **JACOBSON LLP** | **LOWEY DANNENBERG, P.C** |
| 61 Broadway, Suite 501 | 44 South Broadway, Suite 1100 |
| New York, New York 10006 | White Plains, New York 10601 |
| Telephone: (212) 608-1900 | Telephone: (914) 997-0500 |
| *Interim Class Counsel* | *Interim Class Counsel* |

*/s/ William J. Nissen*
William J. Nissen
Angelo J. Suozzi
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
*Attorneys for Non-party*
*Archer Daniels Midland Company*

# Exhibit A

# McDermott Will & Emery

Boston   Brussels   Chicago   Dallas   Düsseldorf   Frankfurt   Houston   London   Los Angeles   Miami
Milan   Munich   New York   Orange County   Paris   Seoul   Silicon Valley   Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

John C. Kocoras
Attorney at Law
jkocoras@mwe.com
+1 312 984 7688

December 8, 2017

**VIA EMAIL**

| | |
|---|---|
| Christopher M. McGrath<br>Lovell Stewart Halabian Jacobson, LLP<br>61 Broadway<br>Suite 501<br>New York, NY  10066<br>cmcgrath@lshllp.com | Dean Nicholas Panos<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL  60654<br>dpanos@jenner.com |
| Gregory S. Kaufman<br>Eversheds Sutherland<br>700 Sixth Street, NW<br>Suite 700<br>Washington, DC  20001-3980<br>gregkaufman@eversheds-sutherland.com | James L. Thompson<br>Lynch Thompson LLP<br>150 South Wacker Drive<br>Suite 2600<br>Chicago, IL  60606<br>jthompson@lynchthompson.com |

William J. Nissen
Angelo Suozzi
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
wnissen@sidley.com
asuozzi@sidley.com

Re:   *Ploss, et al. v. Kraft Food Groups, Inc., et al.*, 15 C 2937 (N.D. Ill.)

Dear Counsel:

We represent CME Group (CME) in connection with discovery requests in the above litigation. We received a copy of the U.S. District Court's November 17, 2017 Order, which states in part: "On the weekly stock reports, the parties shall first confer with CME, and subpoena CME if necessary, to determine whether CME can electronically retrieve the weekly stock reports broken down by supplier (i.e., ADM)." Counsel for the parties have contacted CME Group and me to discuss this aspect of the Order.

During the relevant time period identified in the order, namely, June 1, 2011 to December 31, 2011, CME Group received weekly data from various suppliers, including ADM, that listed the

U.S. practice conducted through McDermott Will & Emery LLP.

**444 West Lake Street Suite 4000 Chicago Illinois 60606-0029  Telephone: +1 312 372 2000  Facsimile: +1 312 984 7700   www.mwe.com**

December 8, 2017
Page 2

suppliers' stocks of grain. CME used this data to populate a spreadsheet each week containing aggregated data. CME published a version of this weekly "Stocks of Grain" report that did not identify the suppliers. However, CME maintained the non-public aggregate weekly data in a spreadsheet identifying suppliers by name and associated stocks of grain. CME is willing to produce those spreadsheets for the relevant time period only upon receipt of a valid subpoena or court order and subject to an appropriate protective order.

CME did not maintain stocks of grain data separately for each supplier during the relevant time period and did not create separate reports on each individual supplier. It is possible that supplier email messages containing their individual stocks of grain data could be found in CME's electronic archive, but those emails are not readily identifiable. Searches for such emails would be very time consuming, unduly burdensome and duplicative of the data available in the aggregate weekly stocks of grain data that CME is willing to produce. CME would object to any requests for such searches.

Please contact me if you would like any additional information.

Sincerely,

John C. Kocoras

JCK/rh

DM_US 87219321-1.092340.0015